A. B. LEACH & CO., Inc., v. PEIRSON.*

(Circuit Court of Appeals, Third Circuit. March 9, 1926. Rehearing Denied December 6, 1926.)

No. 3365.

Evidence ⟨⟩271(19)—Letter reciting agreement on which action was based, which evoked no denial by defendant, held properly admitted in evidence, though self-serving.

In action by buyer of bond from seller's agent to recover on alleged agreement of seller to repurchase, where agent's authority to make agreement, if made, was in issue, letter written by buyer to seller, reciting agreement which evoked no denial by seller, though self-serving, *held* properly admitted.

*Certiorari granted 47 S. Ct. 95, 71 L. Ed. ——.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Thompson, Judge.

Action by Walter Peirson against A. B. Leach & Co., Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

Francis Rawle and Joseph W. Henderson, both of Philadelphia, Pa., for plaintiff in error.

John Arthur Brown and Henry P. Brown, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case grows out of a purchase of bonds from A. B. Leach & Co., the defendant, by Walter Peirson, the plaintiff. The latter claimed that when he bought the bonds from Leach & Co.'s agent, Mather, the latter agreed that if Peirson was dissatisfied with them, Leach & Co. would repurchase at the purchase price. Having become dissatisfied with them, Peirson tendered Leach & Co. the bonds, and on their refusal to repurchase brought this suit. On their part, Leach & Co. denied that Mather had so agreed, and also averred he had no authority to so agree. The case was tried on these issues and a verdict rendered for the plaintiff. Whereupon Leach & Co. sued out this writ.

The facts, issues, and questions involved were very clearly stated in the court's charge:

"Mr. Peirson claims that when the bonds were sold that Mr. Mather made this agreement with him as to the repurchase of the bonds by the defendant. Mr. Mather denies that he made such an agreement, so there you have contradictory statements of the fact from either side, and it is a question for you in all cases to determine which side you will believe. The questions of fact all through the case will be for your determination.

"If you determine that fact in favor of the defendant, if you find that Mr. Mather did not make any such agreement, that ends the plaintiff's case entirely so far as his claim for damages is concerned. If, however, you find that there was such an agreement made, then you have the further fact to find as to whether or not that agreement was made in pursuance of authority given by A. B. Leach & Co.

"There is no general authority—I think it will be conceded by both sides—in an agent for the sale of anything, to make an agreement of that sort. It must be through special

authority given by his principal to him, and it may be either express or implied. When a plaintiff comes into court and is suing on a contract alleged to have been made by an agent, the burden is on him to show the agent's authority, and if he has any doubt in his mind as to the agent's authority, then he naturally is put upon inquiry, and if he comes into court without having established any authority on the part of the agent to do what he claims the agent did, his case falls. In order to establish that authority the plaintiff has offered evidence from which he asks you to find that the defendant was notified by a letter from Mr. Peirson to the defendant, dated May 9, 1921, of which a copy is produced which the plaintiff claims is taken from his letter book, in which he states, in addressing Leach & Co.: 'Dear Sirs: When I purchased from you the Massachusetts Oil & Refining Company bonds it was agreed by Mr. Mather that any time I so desired you would take them off my hands at cost, 98. I have need of some money and will avail myself of this privilege. When shall I deliver them to you? Very truly yours, Walter Peirson.'

"The plaintiff's contention is that that letter was sent by mail to the defendant, and there being the presumption that a letter put in the mail is received by the party to whom it is addressed, the plaintiff relied on the evidence he had produced to show you that the letter had come to A. B. Leach & Co., and that, A. B. Leach & Co. having failed to disaffirm what was stated in that letter, that was acquiescence upon their part to the statements made by Mr. Peirson as to their agent's authority to make this agreement. This letter, therefore, has a very important bearing upon the whole case. If A. B. Leach & Co. received that letter and had notice that their agent had made this agreement and failed to disaffirm the statement made by Mr. Peirson as to what their agent had done or what Mr. Peirson said he had done, then you would be justified in finding that A. B. Leach & Co. acquiesced in the agreement made by their agent and that he had authority to do what Mr. Peirson said he had done.

"But the defendant has offered evidence to show that it never received that letter, so that whether the letter was written at the time, whether it was mailed or not, is entirely immaterial unless you believe from the evidence that A. B. Leach & Co. did receive it. If they did not receive the letter, then, of course, it had no notice of the plaintiff's assertion that Mr. Mather had made this agreement, and so far as the effect of the letter on the case is concerned the plaintiff has failed in the proof of authority on the part of Mr. Mather to do what Mr. Peirson claimed he did in making the contract."

By the finding of the jury, the question of receipt of the letter by A. B. Leach & Co. and their failure to disaffirm it is established in the plaintiff's favor and no error is shown in the verdict, unless the court erred in receiving the letter in evidence. If it was so in error, it follows that the defendant was entitled to binding instructions. Strong objection is made to the admission of the letter, that it was inadmissible because self-serving. The court recognized that, standing by itself, the statements of the letter were self-serving and could not affect Leach & Co., and so instructed the jury, saying, as quoted above, that if Leach & Co. did not receive it, "the plaintiff has failed in the proof of authority on the part of Mr. Mather to do what Mr. Peirson claimed he did in making the contract." On the other hand, if this letter, self-serving though it be, was received by Leach & Co., then in the peculiar circumstances of this case the more self-serving it was in its assertions, the more insistently it called for disaffirmance by Leach & Co., and if not disaffirmed and repudiated, its self-asserting statements created an acquiescing and consenting situation against Leach & Co. from which a jury might infer that Mather had been authorized to make the statements, or that, having made them, Leach & Co. had ratified them. Being pertinent and evidential on the question of ratification, we are of opinion the judge committed no error in admitting the letter. We may add that we have not overlooked the fact that the court in admitting the letter did not limit its effect to the bonds mentioned therein, but as such point was not raised either in objections to testimony or exceptions to charge, the matter is not before us for review.

The judgment below is affirmed.